MONTE GRIX (SBN 241050)
mgrix@hkemploymentlaw.com
JACQULIN GIVELBER (SBN 336461)
jgivelber@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard Suite 600
Santa Monica, CA 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Attorneys for Defendant
RICH PRODUCTS CORPORATION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA SANTOYO,<br><br>      Plaintiff,<br><br>v.<br><br>RICH PRODUCTS CORPORATION, a California Corporation, and DOES 1-10, inclusive,<br><br>      Defendants. | Case No. 2:24-cv-1856-JDP<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br><br>Complaint Filed: May 24. 2024<br>Trial Date: None |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 141.1, the parties to this action (Plaintiff, Laura Santoyo and Defendant, Rich Products Corporation; together the "Parties" and individually the "Party") stipulate as follows:

## STIPULATION

1. This protective order ("Order") shall be applicable throughout the pendency of this action and after final resolution of this litigation. Certain Parties may claim that certain documents and/or other information or testimony constitute or contain confidential, proprietary or trade secret information, private third-Party/non-Party information, and/or private records or information relating to Defendant's current and/or former employees. Such records are referred to herein collectively as "Confidential Information." Documents containing or constituting such Confidential Information may be produced, disclosed, demanded, or otherwise provided, through discovery in this action. Pursuant to the terms of this Order, such documents may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" subject to the provisions set forth herein.

2. No documents, discovery, or deposition testimony specifically designated as "Confidential – Attorneys' Eyes Only" shall be disclosed to or discussed with any person except: (a) counsel for each Party; (b) experts, agents or consultants of such Party who are not otherwise employees of the Party, but only to the extent disclosure is deemed reasonably necessary for the consultant's, expert's or agent's work, and only for as long as is necessary for the performance of his/her expert or consulting services, and such expert or consultant may use such information only for the purpose of providing assistance to counsel on this litigation; (c) pursuant to legal process; (d) the Court, subject to the terms and provisions of this Agreement; (e) employees and former employees of the designating Party, if reasonably necessary for the purposes of the litigation, persons who have prepared or assisted in the preparation of such documents, or to whom

the documents or copies thereof were addressed or delivered, but only to the extent that such disclosure is reasonably necessary for the conduct of this litigation, and provided that such persons may not retain any "Confidential – Attorneys' Eyes Only" documents and/or information obtained as a result of this litigation; (f) court reporters or other personnel employed to record deposition testimony; and (g) any witness testifying at a hearing or deposition in connection with this litigation. All persons, experts, consultants and any other person to whom such Confidential Information will be disclosed pursuant to this provision, shall agree to be bound by the terms of this Order, and shall execute the Acknowledgment and Agreement attached as Exhibit A, or, alternatively, shall state his or her agreement to the be bound by the terms of the Acknowledgement and Agreement under oath, and such oath shall be transcribed by a certified court reporter.

3. When used in this Order, the word "document(s)" means all written, recorded, electronic or graphic matters created and whatever the medium on which it was produced or reproduced, including but not limited to, documents produced by agreement, and may also include deposition transcripts and exhibits and electronic data, files and records.

4. "Confidential" or "Confidential – Attorneys' Eyes Only" documents shall be designated by marking each page of the document with the legend "Confidential" or "Confidential – Attorneys' Eyes Only." Documents produced by a non-designating Party, may be marked by another Party as "Confidential" or "Confidential-Attorneys' Eyes Only" by providing written notice to all other counsel of record in this action specifically identifying by Bates Number, Bates Number ranges, or other similarly specific description of the documents being designated. Such designation shall be made within 30 days of receipt of the document(s).

///

///

5. It shall be the duty of the designating Party to inform all other Parties as to which materials that are not in documentary form are to be treated as "Confidential" or as "Confidential – Attorneys' Eyes Only" by designating the information with reasonable particularity.

6. Items or information produced or generated by a non-Party shall be treated as "Confidential" for a period of fifteen (15) days after their production or disclosure. If, at the conclusion of fifteen (15) days, no Party has designated the items or information as "Confidential" or "Confidential – Attorneys' Eyes Only" the documents or information shall not be protected.

7. The Parties agree that no documents produced by a Party during the course of these proceedings designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be used by another Party or her, his or its counsel for any purpose other than the litigation of this action.

8. The Parties may, based upon separate written agreement of all counsel to this action, provide that certain Confidential Information be discussed with or shown to specified individuals other than the persons identified in Section 2, above. The parties shall follow and abide by applicable law, including Local Rule 141.1(e), with respect to filing documents under seal. Documents that are the subject of a protective order may be filed under seal only if a sealing order is first obtained in compliance with L.R. 141.

9. A Party shall not be obligated to challenge the propriety of a designation under this Order at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. As set forth fully in Paragraph 21, below, the Party to whom documents have been produced reserves the right to challenge the designation of any documents as "Confidential" or "Confidential – Attorneys' Eyes Only." After receiving notice of such challenge and meeting and conferring as set forth more fully in Paragraph 21, below, if no informal resolution is obtained the Party designating such challenged documents as confidential may move for an

order from the court that the confidentiality designation be retained. The document(s) or testimony will remain confidential until the Court rules on the matter.

10. Information disclosed during depositions may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" either on the record at deposition or within thirty (30) days of receipt of the transcript by any Party. Prior to the expiration of the 30-day period, all information disclosed during a deposition shall constitute "Confidential" information unless otherwise agreed by the Parties, ordered by the Court, or so designated at the deposition, except that within 15 days of the filing deadline for any Motion for Summary Judgment or Opposition papers thereto, the 30-day presumptive confidentiality period shall be reduced to 7 days. Any document attached to any deposition previously marked as "Confidential" or "Confidential – Attorneys' Eyes Only" shall remain so designated whether or not so designated at deposition. Similarly, all testimony related to a document so marked shall also be treated as "Confidential" or "Confidential – Attorneys' Eyes Only" whether or not so designated at deposition.

11. If a non-designating Party wishes to file Confidential Documents, and such Party does not challenge the Confidential designation, then that Party shall follow and abide by applicable law, including Local Rule 141.1(e), with respect to filing documents under seal. Documents that are the subject of a protective order may be filed under seal only if a sealing order is first obtained in compliance with L.R. 141.

12. If, on the other hand, a non-designating Party wishes to file Confidential Documents with the Court, and that Party does challenge the Confidential designation, then that Party must first provide notice of such challenge, and allow the designating Party to file an appropriate motion to retain such Confidential designation, as set forth in Paragraphs 9 and 21. If the Court orders that such documents retain their Confidential designation, then the Party

must proceed as set forth in Paragraph 11, above. If the Court denies such a motion, and does not order that such Confidential designation be retained, then on or after the date of entry of such order, the non-designating Party may proceed to file such documents (without engaging in any of the foregoing "under seal" provisions).

13. Nothing in this Order shall be construed as a waiver of any Party's right to object on any grounds whatsoever to any requests for discovery or as an agreement by the Parties to produce any documents or to supply any information. Additionally, none of the provisions of this Order are intended to abrogate the right of either Party to file, or preclude the Court's jurisdiction to rule upon, any Motions to Compel production of records, regardless of designation.

14. All Confidential Documents shall be returned or destroyed upon request to the respective producing Parties at the conclusion of the litigation, regardless of the outcome. Counsel is permitted to retain a copy of the records solely for their files.

15. The termination of this action shall not relieve any person to whom Confidential Information has been disclosed from the terms of this Order unless the Court orders otherwise.

16. All Parties, their counsel and other agents, and all those acting in concert with them, are ~~enjoined~~ **prohibited** from the use of said "Confidential" or "Confidential – Attorneys' Eyes Only" information in any manner not expressly permitted by this Order, as otherwise agreed by the Parties in writing, or as ordered by the Court.

17. This Order is made for the express purpose of facilitating the litigation of this matter. Should the litigation conclude without resolving the case in full, nothing in this Order shall be deemed a waiver of the Parties' right to contest the confidential status of the documents. Nothing in this Order shall be deemed to preclude the Parties from seeking and obtaining, on an appropriate showing,

additional protection with respect to the confidentiality of documents, testimony, court papers or other matters.

18.  By signing this Order, the Parties do not acknowledge the validity of either Party's claims of protection from disclosure for the Confidential Documents and Confidential Information. The Parties reserve the right to challenge such claims. The Parties agree, however, to be bound by the terms of this Order unless and until one of the Parties seeks and obtains from the Court a modification of the terms of this Order as provided below.

19.  Any disclosure of information designated "Confidential" or "Confidential – Attorneys' Eyes Only" as defined herein, other than to the specific Parties, for the specific purposes and under the specific procedures described in this Order, shall be considered an "unauthorized disclosure" and shall be considered a breach of this Order entitling the aggrieved Party to all appropriate relief within the Court's discretion. However, such unauthorized disclosure shall not constitute a waiver of the confidential nature of the information or document(s) in question. Treatment of this information or document(s) as "Confidential" or "Confidential – Attorneys' Eyes Only" shall continue until further order of the Court as described in Paragraph 16.

20.  Any Party may object to the designation of certain information/documents as Confidential Information or Confidential Documents by giving written notice to the Party making the designation and to all other Parties within thirty days of the production date. Such notice shall identify with reasonable specificity the Confidential Information or Confidential Documents to which the objection is directed and the basis for the objection. The Parties shall attempt to resolve any such dispute by meeting and conferring in good faith. In the event the dispute is not resolved within seven days from the date that the objecting Party first notifies the Party that made such designation, the designating Party may move the Court for an Order that the disputed, previously-designated Confidential

Information or Confidential Documents shall remain designated as Confidential Information or Confidential Documents.

21. If either Party desires to modify the terms of this Order or otherwise has any dispute relating to the protections afforded under this Order, that Party shall proceed to meet and confer, and, if necessary, move the Court in accordance with the terms set forth in Paragraph ~~21~~ **9**, above.

22. The Parties intend for this Order to be binding and enforceable against them beginning at the time it is executed by their counsel even though it may not yet be ordered by the Court.

23. Pursuant to Local Rule 141.1(b)(1), this Order is a Non-Trial Protective Order, and is without prejudice to the ability of either party to seek a Protective Order for Trial pursuant to Local Rule 141.1(b)(2).

24. The Court may modify the protective order in the interests of justice or for public policy reasons.

IT IS SO STIPULATED.

Dated: May 20, 2025                                  HIRSCHFELD KRAEMER LLP

By: /s/ *Monte K. Grix*
Monte K. Grix
Jacqulin Givelber
Attorneys for Defendant
RICH PRODUCTS CORPORATION

Dated: May 16, 2025                                  GAVRILOV & BROOKS

By: /s/ *Alexandra Darling*
Alexandra Darling
Attorneys for Plaintiff, LAURA SANTOYO

ATTESTATION

In accordance with Local Rule 131(e), the attorney whose signature appears below, and who is e-filing this document, affirms he has obtained authorization and approval from all other counsel listed above to file this document on that counsel's behalf.

Date: May 20, 2025          */s/ Monte K. Grix*
Monte K. Grix

Good cause appearing therefor,

IT IS SO ORDERED.

Dated: May 21, 2025

HONORABLE JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## 1.   AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____ [print or type name], hereby acknowledges that he or she has received a copy of the Protective Order entered in connection with the action pending in the United States District Court, Eastern District of California, entitled *Laura Santoyo v. Rich Products Corporation*, Case No. 2:24-CV-01856-JDP. The undersigned further acknowledges that he or she has read the Protective Order, understands the limitations it imposes on the use and disclosure of material or information designated as "Confidential" or "Confidential – For Attorneys' Eyes Only" and agrees to be bound by all provisions of the Protective Order.

The undersigned understands and agrees that all "Confidential," and "Confidential – Attorneys' Eyes Only" information and material as defined in the Protective Order, including without limitation, all copies thereof or notes made therefrom, shall be maintained in a secure manner and shall be returned no later than 30 days after the termination of this action to counsel for the party or other person who provided such information or material.

Dated: _____                _____
                                                                                    (Signature)
                                                                        Name: _____

                                                                        Business Address: _____

                                                                                              _____

10

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. 2:24-CV-01856-JDP